### Pearson *vs.* Sabin.

Where a party offers in evidence the admissions of an opponent, though the whole admission must be taken and weighed together, it is not necessary that the jury should find it to be either wholly true, or wholly reject the evidence. It must all be received as testimony for consideration; but the truth of the whole or any part may be judged of from the declaration itself, or from other testimony overruling or controlling those portions of the admission making against the party offering it.

And such party is not precluded from offering testimony to contradict the admission to this extent.

Assumpsit, upon an account annexed; taxed upon review. The items of the account were as follows:

| | | |
|---|---|---|
| 1828. March term. | To court bill of cost and execution against Samuel Huggins, 2d, | $5·94 |
| | Ditto. Phelps against same, | 7·69 |
| 1836. | To ditto on old judgment against Samuel Huggins, settled by you, | 15·27 |
| | | $28·90 |

The writ was dated March 17, 1837. The defendant

pleaded the general issue and statute of limitations, which were joined. The defence to the last charge was, that before the bringing the suit the defendant directed the plaintiff not to make any further cost on said demands at his expense; and evidence was introduced on the part of the defendant, tending to show that such were his directions, communicated to the plaintiff before the commencement of that action.

In answer to the plea of the statute of limitations, and the above evidence as to the last charge, the plaintiff introduced a letter from the defendant, of which the following is a copy:

"Mr. Samuel A. Pearson: I have enclosed $29, which is something more than your account; and forward it by mail, as directed by you.                    Silas H. Sabin."

"Claremont, Dec. 2, 1836."

This letter was produced by the plaintiff on notice to that effect, and used with other evidence on the former trial by the defendant, to show the payment of the plaintiff's account; and the plaintiff now proposed using it for the purpose of showing the admission by the defendant of the plaintiff's claim. To this the defendant objected; but the court overruled the objection, and admitted the letter to go in evidence for that purpose. A copy of the letter came up with the other copies of the case. The plaintiff then introduced evidence tending to show that when said letter arrived at Lancaster there was no money in it; and proposed offering further evidence to show, either that the defendant never enclosed any money, or if he did that he contrived to abstract it from the letter after enclosed. To the admission of this evidence the defendant objected; contending that the whole letter ought to be taken together; and, that if it proved an admission of the plaintiff's claim, it also proved payment of the same. But the court admitted the evidence, subject to further consideration; and thereupon charged the jury that if they were satisfied that the defendant, with the view of defrauding the plaintiff, did not enclose the money, or that after

enclosing it he took it out of the letter, they were at liberty to infer from the contents of the letter a promise to pay the two first charges in the account, and an admission of the justness of the last charge, notwithstanding the assertion in the letter that the money was enclosed; and might find a verdict for the plaintiff for the amount of his account, with interest thereon from the date of the writ. But if they were satisfied that the defendant did enclose the money, and that it did come to the plaintiff's hand, or was taken out of the letter by some person other than the defendant and without his privity, they must find for the defendant.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Wells*, for the plaintiff.

*Young*, for the defendant.

UPHAM, J. The defence set up in this case is, that a portion of the plaintiff's claim is barred by the statute of limitations, and that the remainder of the account, consisting of charges for services rendered, and expense incurred, was without the authority of the defendant.

The evidence, to take the case out of the statute of limitation, is derived from the letter of the defendant, offered in evidence by the plaintiff.

The first question arising on this letter is, as to its constituting evidence of a subsisting debt which the defendant is liable and willing to pay. No acknowledgment could well be more explicit. The defendant recognizes the existence of an account, and encloses an amount something more than sufficient for its payment, and forwards it by mail, as directed. This is his declaration in the letter. On the face of it, it clearly admits the account; and, if uncontradicted as to the enclosure of the money, it would show, not only a willingness to pay, but *an actual payment.*

The plaintiff, however, contends that such payment was not made ; and the question arises, whether such evidence is admissible to contradict the purport of the letter in that respect.

It is clear that an admission offered in evidence must go entire to the jury, with all the declarations both for and against the party making it ; but, although the whole is evidence, the jury are not bound to adhere to the admission in all its qualifications and conditions, or to give the same credit to all the facts embraced within it. They may believe the admission in part, and reject it in part, if they see cause. This is well settled in admissions in criminal cases ; and we see no good reason why the rule should be different in civil trials.

Where the only evidence against a party charged with murder was his own confession, which admitted that he was present at the time, but took no part in the transaction, it was held that the whole was evidence for the prisoner, but that the jury might disbelieve any part. *Rex* vs. *Clewes,* 4 *Car. & Payne* 221.

A prosecutor gives in evidence the statement of a prisoner, which is exculpatory ; it is not, therefore, to be taken as true, but it is for the jury to say whether they think it consistent with the other evidence. *Rex* vs. *Steptoe,* 4 *Car. & Payne* 397.

The prosecutor offers evidence of what was said by the prisoner before the justice ; it is evidence as well for as against him. It is for the jury to say, under the circumstances, whether they believe it or not. 1 *Ryan & Moody* 257, *Smith* vs. *Blandy & al.* Many similar cases might be cited.

The case 11 *Johns.* 260, *Lawrence* vs. *Ocean Ins. Company,* is directly in point. It was there holden that where an answer in chancery was given in evidence in a court of law, that is, where part of an answer is offered as evidence, the party answering is entitled to have the whole of his answer read ; and it is to be received as *prima facie* evidence

Pearson *v.* Sabin.

of the truth of the facts stated in it; open, however to be rebutted by the opposite party. The party can put in the answer of his opponent; and, as far as it is in his favor, it is evidence; but the facts in it making against him he can rebut by other testimony. See, also, *Hoffman* vs. *Smith*, 1 *Caines' R.* 57.

Where, therefore, a party offers in evidence the admissions of an opponent, though the whole admission must be taken and weighed together, it is not necessary that the jury must find it to be either wholly true or wholly reject the evidence. It must all be received as testimony for consideration; but the truth of the whole or any part may be judged of from the declaration itself, or from other testimony; and the party is not precluded from offering other testimony, overruling or controlling those portions of the admission making against him. Such parts of the admission go in as incidental to the evidence relied on by the party presenting it; and though evidence when in, still it may be rebutted or disbelieved.

The evidence offered in this case was received, subject to such ruling of the law, and was so considered by the jury; and their finding on the subject is conclusive.

It is contended, however, that the jury, having found the fact that the defendant did not enclose the money, or abstracted it after it was enclosed, is evidence to show an unwillingness on the part of the defendant to pay this debt, and therefore the evidence of a new promise is negatived.

But this secret act was not brought home to the knowledge of the plaintiff. The defendant made to the plaintiff an open promise of payment; and if there was some act, declaration or reservation, apart from this, tending to show an unwillingness to pay, but which was kept secret from the plaintiff, it could in no manner qualify the admission, but would be wholly nugatory.

*Judgment on the verdict for the plaintiff.*